Johnson, C. J. This was an action of debt instituted by the Bank against the defendants below upon a joint note. The summons was executed upon all of the defendants, in one of the modes prescribed by the statute, and more than thirty days before the return day of the writ. An entry was made upon the record on the eleventh day of December, A. D. 1845, more than one year after the institution of the suit, in which it is recited that it appeared to the court that no service had been had upon Campbell, and that on motion of the plaintiff it was ordered by the court that the suit be discontinued as to him. The sheriff certifies that he executed the writ on the within named Henry E. Campbell, on the 3d day of April, A. D. 1844, in Cane Hill, in Washington county, Arkansas, by then and there leaving a true copy thereof, at his usual place of residence, with his wife, a white person of the family of said Henry E. Campbell, over the age of fifteen years. ' This return is nearly in the words of the statute, and is certainly a full compliance with its requisitions. The service being a substantial compliance with the statute, and having been more than thirty days before the return day of the writ, tire question is directly presented, whether a discontinuance as to Campbell, did not operate as a discontinuance of the whole action. The' cases of Ferguson and others v. the State Bank, 4 A. R. p. 510; .and Ashley v. Hyde & Goodrich, 1 Eng. R. p. 94; are regarded as decisive of the question. It is clear from the construction given to the statute in the cases referred to, that the Bank had no alternative but to proceed to final judgment against all of the defendants she had elected to serve, and upon whom process had been served in time, or dismiss the suit and, commence a new action against such of the makers of the note as she might choose to charge; that the discontinuance as to Campbell operated as a discontinuance of the whole action; and that consequently the court erred in giving judgment against Pleasants and Coats. It is also urged as an obj ection to the judgment of the court below that the Bank was permitted to take judgment upon the first count in' the declaration without entering a nolle prosequi as to the second, when there was a failure of evidence as to the second count. The plaintiffs in error, having made default as to both counts in the declaration, have but little cause to complain of the defendant upon that score. The plaintiff having defaulted as to both counts, the defendant was fully warranted in taking judgment upon such counts as were sustained by the proof and disregarding the residue. The Bank having disregarded the second count, there was certainly no necessity to summon a jury to ascertain the amount due upon the same. The last point made in the case is that the damages recovered exceeded the sum laid in the declaration. This it must be conceded is a fatal objection. The object of laying damages in an action of debt is to cover the interest that may accrue up to the time of rendering the judgment. The interest is recoverable by way of damages for the detention of the debt. It is a rule universally recognized that the amount of damages laid in the declaration is the utmost limit of recovery. For these reasons the judgment of the Circuit Court must be reversed.